UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

APR 17 2009

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:08-cv-01103 (TSE/IDD) |
| ) | |
| $8,500.00 IN UNITED STATES CURRENCY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court pursuant to plaintiff's Motion for Default Judgment as to Defendant Property. (Dkt. no. 14.) After defendant failed to file a timely claim to his interest in the four defendants, the plaintiff filed a Motion for Default Judgment, and this matter came for a hearing on March 13, 2009. After an additional hearing was held on March 20, 2009, the undersigned magistrate judge took the Motion under advisement to issue this Report and Recommendation. Upon consideration of the complaint, plaintiff's motion for default judgment, and the supporting affidavits, the undersigned magistrate judge makes findings as follows, and recommends that default judgment be entered against defendant.

### I. FACTUAL AND PROCEDURAL BACKGROUND

#### A. Jurisdiction and Venue

In accordance with Rule 55(b)(2) and Rule 58 of the Federal Rules of Civil Procedure, the United States of America ("United States") seeks an entry of default against the following four defendants: (1) $8,500 in United States Currency; (2) Yamaha Jet Ski VX10 Wave Runner, VA 9442BF; (3) Black Jet Ski Trailer, VA 4234ZC; and (4) Blue & White Yamaha Dirt Bike,

YZ125. (Mot. Default J. 1.) This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and it has jurisdiction over this action in particular under 28 U.S.C. § 1355(a) and 21 U.S.C. § 81. This Court has *in rem* jurisdiction over the defendant properties under 28 U.S.C. § 1355(b). Venue is proper in this District. Venue is based on 28 U.S.C. §§ 1355 and 1395 because the defendant properties are located in this district and because the acts giving rise to the forfeiture occurred in this district.

### B. Seizure of Defendant Personal Property and Defendant Currency

Between 2005 and 2006, Mr. Joel Richard Senger[1], who was at that time a member of the United States Navy, stole in excess of 8,900 Vicodin pills, a Schedule III narcotic. Mr. Senger stole the pills from the Pharmacy Department of the Naval Health Clinic, Marine Corps Base Quantico, Virginia. (Compl. ¶ 9.) In August 2005, Mr. Senger knowingly and intentionally distributed stolen Vicodin pills in Prince William County, Virginia and Stafford County, Virginia, which are within the Eastern District of Virginia. (Compl. ¶ 10.)

A subsequent permissive search of Mr. Senger's residence, workplace, and the parking lot adjacent to his workplace resulted in the seizure of the four items of personal property at issue. (Compl. ¶ 11.) The $8,500.00 in United States Currency was seized from Mr. Senger's residence in Woodbridge Virginia on November 8, 2005. The Yamaha Jet Ski VX10 Wave Runner, VA 9442BF; Black Jet Ski Trailer, VA 4234ZC; and Blue & White Yamaha Dirt Bike, YZ125 were seized from the parking lot of the Naval Health Clinic at Quantico, Virginia on

---

[1] The Motion for Default Judgment makes reference to "Joel Singer." (Mot. Default J. ¶ 2.) This appears to be a typographical error because the verified complaint *in rem* and affidavits appear to use the surname "Senger."

November 8, 2005. (Compl. ¶ 2.) These locations are within the Eastern District of Virginia. (Compl. ¶ 2.)

Mr. Senger admitted to law enforcement that the seized items were derived from drug proceeds. (Compl. ¶ 12.) On June 8, 2006, Mr. Senger plead guilty in a General Court Martial at Quantico, Virginia, to violations of Articles 121, 112(a), and 80 of the Uniform Code of Military Justice. (Compl. ¶ 13.) Mr. Senger was subsequently sentenced to 6 years of confinement, reduction in grade, and total forfeiture of all pay and allowances. (Compl. ¶ 13.) Mr. Senger was released from incarceration in a military confinement facility on July 17, 2008. (Dkt. no. 20; Taylor Affidavit ¶ 3.) Additionally, on July 17, 2008, Mr. Senger was discharged from military service with a Bad Conduct Discharge. (Dkt. no. 18, Taylor Affidavit ¶ 4.)

On October 22, 2008, the United States filed a verified complaint *in rem* for seizure and forfeiture of four items of personal property seized from Mr. Senger, pursuant to 21 U.S.C. § 881(a)(6). (Compl. ¶ 1.) On October 22, 2008, this Court issued four warrants for arrest *in rem* for the defendant personal property and defendant currency. (Dkt. nos. 3-6.) On January 7, 2009, the defendant personal property and defendant currency were arrested. (Dkt. nos. 7-10.) On January 26, 2009, the United States filed a Notice of Publication. (Dkt. no. 11.) A Notice of Forfeiture Action was published on www.forfeiture.gov from December 18, 2008, through January 16, 2009. (Dkt. no. 11.)

### C. Notice of Forfeiture Action

The United States contends that it provided the required notice for the forfeiture of the defendant property and defendant currency. The Fifth Amendment's Due Process Clause prohibits deprivation of property by the United States without "due process of law." Individuals

3

who have property interests at stake are entitled to "notice and an opportunity to be heard." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48 (1993).

1. Notice by Publication

Rule G(4) of the Supplemental Rules of Civil Procedure for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions sets forth the rules for publication of the notice of action in federal forfeiture proceedings. Generally, Supplemental Rule of Civil Procedure G(4)(a)(iii)(A) requires that published notice must appear once a week for three consecutive weeks. Supplemental Rules of Civil Procedure G(4)(a)(iii)(B) and G(4)(a)(iv), however, provide an exception requiring publication only once if, before the action was filed, notice of nonjudicial forfeiture of the same property was published on an official internet government forfeiture site for at least 30 consecutive days. The Court's Local Admiralty Rules do not alter the notice requirements of those stated in Rule G(4) of the Supplemental Rules of Civil Procedure.

In this case, notice of forfeiture was published on www.forfeiture.gov, an official internet government forfeiture site, from December 18, 2008 through January 16, 2009. Accordingly, the United States was required to publish notice of this action only once pursuant to the Supplemental Rules of Civil Procedure. Consistent with Rules (G)(4)(a)(iii)(B) and G(4)(a)(iv) of the Supplemental Rules of Civil Procedure, the required notice appeared on an official internet government forfeiture site for thirty days, and the United States filed proof of such publication on January 26, 2009.

2. Personal Notice

When the United States knows the identity of the owner of defendant property, that owner has a constitutional right of due process. That right entitles the owner to "notice and an

4

opportunity to be heard." *Dusenbery v. United States*, 534 U.S. 161, 167-68 (2002). Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citation omitted). Rule G(4)(b) of the Supplemental Rules of Civil Procedure mirrors this requirement, providing for notice to be "sent by means reasonably calculated to reach the potential claimant." Furthermore, Supplemental Rule G(4)(b)(i) requires that the United States send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B) of the Supplemental Rules of Civil Procedure. According to the United States, Mr. Joel Senger is the only person known to have a potential claim in the defendant currency and defendant property.

In addition, before a default or a default judgment may be entered against a defendant, it is an absolute requirement that service of process be properly effected under the Federal Rules of Civil Procedure. *See Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996); FED. R. CIV. P. 55(a) (requiring entry of default when a defendant "has failed to plead or otherwise defend as provided by these rules"); *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 685 (N.D. Iowa 1995) (where it appears that plaintiffs "have never properly served the defendants, ... neither entry of default nor entry of default judgment would be proper").

In this case, on October 22, 2008, the United States sent, via United States mail, written notice of civil forfeiture against the four defendants with copy of the verified complaint *in rem* to Mr. Senger at his residence in Dallas, Texas, pursuant to Rule G(4)(b)(I) of the Supplemental

Rules of Civil Procedure. Clearly, the notice of forfeiture was duly published. Furthermore, the United States has stated that after receiving notice, Mr. Senger contacted Assistant United States Attorney Karen L. Taylor and stated that he did not intend to make a claim on the property. (Dkt. no. 18, Taylor Affidavit ¶ 3.) Therefore, it is clear that Mr. Senger received notice of the action and no notice issues arise as to the forfeiture of the defendant property or the defendant currency.

### D. Grounds for Entry of Default

The United States seeks an entry of Default Judgment against Mr. Senger's interest in the defendant property and defendant currency. The Supplemental Rules of Civil Procedure do not provide a specific procedure to seek default judgment in an action in rem. However, Rule A of the Supplemental Rules of Civil Procedure provides that: "[t]he Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

Pursuant to the Federal Rules of Civil Procedure, default entry is a prerequisite to default judgment. On February 25, 2009, the United States filed a Request for Entry of Default with the Clerk. (Dkt. no. 12.) The Clerk entered Default on March 13, 2009. (Dkt. no. 13.) On March 4, 2009, plaintiff filed its First Motion for Default Judgment and an affidavit showing plaintiff's damages in support thereof. (Dkt. no. 14). At the March 13, 2009 hearing, the Court requested that the United States submit further evidence, by affidavit, as to whether Mr. Senger was still a member of the armed forces, in order to ensure that the provisions of the Servicemembers Civil Relief Act of 1940 were followed. The Court then continued the hearing until March 20, 2009. Prior to the March 20 hearing, the United States submitted an additional affidavit evidencing that Mr. Senger was discharged from military service with a Bad Conduct Discharge on July 17,

2008. (Dkt. no. 18, Taylor Affidavit. ¶ 4.) Therefore, the provisions of the Servicemembers Civil Relief Act of 1940, 50 U.S.C. Appendix, § 501 *et seq.*, do not apply in this proceeding.

To date, Defendant has failed to respond to the complaint in this matter as required by Federal Rule of Civil Procedure 12 or enter an appearance in this matter. Accordingly, the United States is entitled to a default judgment with respect to the defendant property and defendant currency.

## II. EVALUATION OF THE VERIFIED COMPLAINT *IN REM*

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted. Before entering default judgment, however, the Court must ensure that the complaint properly states a claim. *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). The allegations in the Verified Complaint in rem provide adequate grounds for forfeiture of the defendant vehicle and defendant currency.

Title 21 U.S.C. § 881 (a)(6) provides for the forfeiture of money that is furnished or intended to be furnished by any person in exchange for a controlled substance, that constitutes proceeds traceable to such an exchange, or that is used or intended to be used to facilitate any violation of the laws governing controlled substances. In its verified complaint, the United States alleges that the defendant property and defendant currency constitute proceeds traceable to a thing of value furnished in exchange for a controlled substance, *i.e.*, Vicodin, a Schedule III narcotic, in violation of 21 U.S.C. § 841(a)(1). (Compl. ¶ 8.)

As set forth in the verified complaint, a subsequent permissive search of Mr. Senger's residence, workplace, and parking lot adjacent to the work place resulted in the seizure of: $8,500 in United States Currency; a Yamaha Jet Ski VX10 Wave Runner, VA 9442BF; a Black

Jet Ski Trailer, VA 4234ZC; and a Blue & White Yamaha Dirt Bike, YZ125. (Compl. ¶ 11.) Subsequently, Mr. Senger admitted to law enforcement that the seized items were derived from drug proceeds. (Compl. ¶ 12.)

The verified complaint meets the requirements of Supplemental Rule G. It is verified, states the grounds for subject matter jurisdiction, *in rem* jurisdiction and venue, describes the property seized and the circumstances surrounding the seizure, and identifies the relevant statutes. *See* Verified Compl. In Rem (Dkt. no. 1.) In the absence of an assertion of interests in the defendant property and defendant currency, this Court is not in a position to question the facts supporting the forfeiture of the defendant property and defendant currency. The facts as alleged provide a sufficient connection between the defendant property and defendant currency, and the illegal drug activity to support the forfeiture.

## III. RECOMMENDATION

The undersigned magistrate judge recommends that the Court grant the United States' Motion for Default Judgment as to Defendant Property. (Dkt. no. 14.) The magistrate judge further recommends the entry of Default Judgment against the following four defendants: $8,500 in United States Currency; Yamaha Jet Ski VX10 Wave Runner, VA 9442BF; Black Jet Ski Trailer, VA 4234ZC; and Blue & White Yamaha Dirt Bike, YZ125.

## IV. NOTICE

**By mailing copies of this report and recommendation, the parties are notified that objections to this report and recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within ten (10) days of service on you of this report and recommendation. A failure to file timely objections to this report and**

**recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and the interested party at the following address:

Mr. Joel Richard Senger
7575 Chaucer Pl.
Apt. 410
Dallas, Texas 75237

                                       /s/
                                 Ivan D. Davis
                                 United States Magistrate Judge

April 17, 2009.
Alexandria, Virginia